UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SUZANNE K. SALENTINE and
TERRANCE T. FLETCHER, JR.,

      Plaintiffs,

v.                                                      Case Nos. 18-C-950, 18-C-951

SUPPLE RESTAURANT GROUP,

      Defendant.

---

**DECISION AND ORDER**

---

Plaintiffs Suzanne K. Salentine and Terrance T. Fletcher, Jr., initiated separate lawsuits against their former employer, Defendant Supple Restaurant Group, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* Plaintiffs allege that a co-employee sexually harassed Salentine at work on August 13, 2017. Salentine subsequently told Fletcher, her fiancé, about the incident. After Plaintiffs reported Salentine's allegations to management, Plaintiffs claim Defendant retaliated against them by terminating their employment. The court screened their complaints, allowed Salentine to proceed on her claims of employment discrimination and retaliation, allowed Fletcher to proceed on his retaliation claim, and consolidated the cases. On February 12, 2019, Defendant filed a motion to deem requests to admit admitted and for summary judgment. To date, Plaintiffs have not responded to the motion and have not requested an extension of time to do so.

The local rules of this district provide that the failure to file a brief in opposition to a motion is sufficient grounds to grant the motion. Civil L.R. 7(d) (E.D. Wis.). Plaintiffs have failed to

respond to the motion or explain why they have been prevented from doing so. This alone is grounds to grant Defendant's motion. For this reason, and also because Defendant is entitled to judgment as a matter of law, Defendant's motion will be granted and the case dismissed.

As an initial matter, Defendant requests that the court deem Defendant's requests for admission admitted because Plaintiffs did not respond to them. Rule 36 of the Federal Rules of Civil Procedure provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or attorney." Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Defendant served Plaintiffs with requests to admit on November 13, 2018. Although Defendant did not provide Plaintiffs with a copy of Rule 36, it cited the rule in its correspondence to Plaintiffs that enclosed the requests for admission. To date, Plaintiffs have not responded to the requests to admit. Defendant maintains that Plaintiffs' failure to answer the requests for admission means that the facts contained in its requests are undisputed and should be considered admitted as a matter of law. "The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). Deeming undisputed requests for admission admitted is necessary, however, "to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure." *Id.* Plaintiffs' *pro se* status neither affords them the right to ignore rules and procedural requirements nor excuses their failure to respond to either the requests to admit or to the instant motion. *See Nelson v. Wal-Mart, Inc.*, 63 F. App'x 920, 922–23 (7th Cir. 2003) (holding requests for admissions

2

were properly deemed admitted because Plaintiff failed to respond to the request); *In re Greene*, 310 F. App'x 17 (7th Cir. 2009) (citation omitted) (affirming district court decision to deem admitted requests for admission when *pro se* party failed to timely respond). The court will therefore grant Defendant's motion requesting that its requests for admission be deemed admitted. The following facts are considered admitted and undisputed on summary judgment:

- Suzanne K. Salentine was not subject to unwelcome harassment while employed by Defendant.

- Any harassment of Suzanne K. Salentine while employed by Defendant was not severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment.

- Defendant did not take any adverse action against Suzanne K. Salentine in response to her complaints about sexual harassment.

- Defendant did not take any adverse action against Terrance T. Fletcher, Jr. in response to his complaints about sexual harassment of Suzanne K. Salentine.

ECF No. 31.

Defendant next asserts that it is entitled to summary judgment based on these admissions. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that

3

party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex*, 477 U.S. at 322). "Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *Kasuboski*, 834 F.2d at 1350 (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545 (5th Cir. 1985); *Donovan v. Carls Drug Co.*, 703 F.3d 650 (2d Cir. 1983)).

Now that Defendant's requests for admission are deemed formally admitted, and accepting those admissions as true, there are no issues of fact in dispute as to any of Plaintiffs' claims. To prevail on a claim of employment discrimination, Salentine must demonstrate that she was subjected to unwelcome harassment, the harassment was based on her membership in a protected class, the harassment was severe or pervasive so as to alter the conditions of her employment and create a hostile or abusive working environment, and there is basis for employer liability. *Alamo v. Bliss*, 864 F.3d 541, 549 (7th Cir. 2017) (citation omitted). By virtue of her failure to respond to the requests for admission, Salentine has admitted that she was not subject to unwelcome harassment while employed by Defendant and that any harassment during her employment was not severe or pervasive so as to alter the conditions of her employment and create a hostile or abusive working environment. As a result, Salentine cannot establish that Defendant discriminated against her. Summary judgment in favor of Defendant on this claim is therefore appropriate.

Plaintiffs' admissions are also dispositive of their retaliation claims. To establish a claim of retaliation, Plaintiffs must show that they engaged in statutorily protected activity and suffered an adverse action as a result of that activity. *Id.* at 555. By failing to respond to Defendant's request to admit, Plaintiffs have admitted that Defendant did not take any adverse action against Salentine in response to her complaints about sexual harassment or against Fletcher in response to his

4

complaints about sexual harassment of Salentine. The undisputed facts establish that Defendant did not retaliate against Plaintiffs. Defendant is therefore entitled to summary judgment as a matter of law on Plaintiffs' retaliation claims.

Based on the foregoing, Defendant's motion to deem requests admitted and for summary judgment (ECF No. 29) is **GRANTED**. The Clerk is directed to enter judgment dismissing the case with prejudice.

**SO ORDERED** this   28th   day of March, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court